IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,　　)
　　　　　　　　　　　　　　　　)
　　　　　vs.　　　　　　　　　　)　　Criminal No. 08-185
　　　　　　　　　　　　　　　　)
DAVID TOMAYKO,　　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　Defendant.　　　　　　)

MEMORANDUM OPINION

Pending before the court is the motion by defendant David Tomayko ("defendant" or "Tomayko") for early termination of supervised release (ECF No. 50), to which the government filed a response in opposition. (ECF No. 52). The motion is ripe for decision.

On January 5, 2009, Tomayko pleaded guilty to conspiracy to possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). He was sentenced on April 24, 2009 to 36 months of imprisonment to be followed by 10 years of supervised release. His term of supervised release began in 2012. On October 14, 2019, defendant filed his present motion.

The primary complaint asserted by Tomayko is that supervised release prevents him from leaving this district without advance permission to take his mother to visit her sister in Philadelphia or to attend golf outings with his brother and friends. As the government points out, these aggravations can be mitigated by advance planning and cooperation with the probation officer. Tomayko does not contend that he has been unable to engage in these activities.

I. STANDARD

Supervised release "serves an entirely different purpose that the sentence imposed under § 3553(a)," Pepper v. United States, 562 U.S. 476, 502 n. 15 (2011). It "fulfills rehabilitative ends, distinct from those served by incarceration." United States v. Johnson, 529 U.S. 53, 59 (2000). The court's determination whether early termination of supervised release is "warranted by the conduct of the defendant released and the interest of justice," § 3583(e)(1), is a discretionary decision. United States v. Bayard, 537 F. App'x 41, 42 (3d Cir. 2013).

Pursuant to the governing statute, 18 U.S.C. § 3583(e):

[t]he court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)—

> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1). As specified in § 3583(e)(1), in exercising its discretion, the court must consider the following factors:

- the nature and circumstances of the offense and the history and characteristics of the defendant, § 3553(a)(1);

- the need for the sentence imposed to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, § 3553(a)(2)(B)-(D);

- the sentencing range established by the Sentencing Commission, § 3553(a)(4);

- any pertinent policy statement issued by the Sentencing Commission, § 3553(a)(5);

- the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, § 3553(a)(6); and

- the need to provide restitution to any victims of the offense, § 3553(a)(7).

In <u>United States v. Laine</u>, 404 F.App'x 571 (3d Cir. 2010), the court of appeals stated that "early termination of supervised release under section 3583(e) should occur only when the sentencing judge is satisfied that something exceptional or extraordinary warrants it." 404 F. App'x at 573-74. "Compliance with the conditions of supervised release [is] expected and not exceptional." *Id.* at 574.

II. ANALYSIS

The court first will consider the pertinent factors set forth in § 3553(a) as instructed in 18 U.S.C. § 3583(e)(1), and then determine whether early termination of defendant's supervised release is warranted by his conduct and in the interest of justice.

A. 3553 Factors

*(1) The nature and circumstances of the offense and the history and characteristics of the defendant, § 3553(a)(1).*

Tomayko was convicted of a child pornography offense. He has no other criminal history. He has complied with the conditions of supervised release and completed a structured sex offender treatment program. He is a full-time caretaker for his elderly mother, who suffers from dementia. The court reviewed the character reference letters attached to the motion. This factor weighs in favor of early termination of supervision.

*(2) The need for the sentence imposed to afford adequate deterrence to criminal conduct and protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner§§ 3553(a)(2)(B)-(D).*

The continuation of supervision affords deterrence to future criminal conduct and protects the public from further crimes by defendant. There is no evidence that Tomayko currently presents a danger to the community. This factor is neutral for an early termination of supervised release.

*(3) **The sentencing range established by the Sentencing Commission, § 3553(a)(4).***

Pursuant to U.S.S.G., Chapter 5, Part A, based on a total offense level of 21 and a criminal history category of I, Tomayko's guideline range for imprisonment was 51-63 months. Tomayko received a downward variance and was sentenced to 36 months of imprisonment. The statute provides for supervised release up to life. The statutory mandatory minimum term of supervised release is five years. The guideline range for a term of supervised release was five years to life, pursuant to U.S.S.G. § 5D1.2(c).

Tomayko has approximately two years left on his term of supervision. The increased term of supervision was imposed in conjunction with the decreased term of imprisonment. The court determines that this factor weighs against early termination of his supervised release.

*(4) **Any pertinent policy statement issued by the Sentencing Commission, § 3553(a)(5).***

Sentencing guideline § 5D1.2 contains a policy statement recommending that for sex offense convictions, the maximum term of supervised release should be imposed. This factor weighs against early termination of his supervised release.

*(5) **The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, § 3553(a)(6).***

There is no evidence of a need for early termination of Tomayko's supervised release to avoid unwarranted sentence disparities among defendants with similar records

who have been found guilty of similar conduct. Generally, the full term of supervision is fulfilled because "simple compliance with the conditions of supervised release are expected." *Laine*, 404 F. App'x at 574.

***(6) The need to provide restitution to any victims of the offense, § 3553(a)(7).***

Restitution is not at issue in this case.

B. Whether early termination is warranted and in the interest of justice

In support of his motion, Tomayko asserts that his supervision has been successful and he has complied with the conditions. Tomayko points out that he has not been the subject of a supervised release revocation proceeding. In essence, Tomayko contends that his compliance with the conditions of supervision justifies early termination of his supervised release.

The government responds that Tomayko has done nothing extraordinary to justify early termination of supervised release. Additionally, the government points out that if mere compliance with the required conditions of supervision were sufficient to warrant early termination and was in the interest of justice, this justification would "swallow the rule." United States v. Medina, 17 F.Supp.2d 245, 247 (S.D. N.Y. 1998).

The statute requires the court to be satisfied that early termination is both: (1) warranted by Tomayko' conduct; and (2) in the interest of justice. § 3583(e)(1). Numerous courts have explained that this standard requires conduct or circumstances that are out of the ordinary. As summarized recently in United States v. Davies, No. 07-436, 2018 WL 2227962 at *7 (May 16, 2018):

> "Simple compliance with the conditions of supervised release [is] expected and not exceptional." Id. at 574; United States v. Abdelhady, No. 06-63, 2013 WL 1703775, at *2 (W.D. Pa. Apr. 19, 2013) ("[I]t is well-settled that mere compliance with the terms of supervised release, while commendable,

5

is not sufficiently extraordinary to justify early termination."); United States v. Dudash, No. 05-101, 2012 WL 874878, at *3 (W.D. Pa. Mar. 14, 2012) ("Defendant's full compliance with all of the conditions of supervised release does not warrant early termination."). "In other words, the § 3553(a) factors and the interest of justice do not support early termination unless there is a reason other than compliance with the conditions of supervision." United States v. Banks, No. 04-176, 2015 WL 926534, at *4 (W.D. Pa. Mar. 4, 2015) (citing United States v. Medina, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998) ("While [the defendant's] post-incarceration conduct is apparently unblemished, this alone cannot be sufficient reason to terminate the supervised release since, if it were, the exception would swallow the rule.")).

Under defendant's approach, anyone on low risk supervision could qualify for termination after one year, regardless of applicable statutory mandatory minimum terms of supervision. That approach does not strike the court as being a tenable position under the statutory language. Indeed, the fact of compliance may very well mean that supervision is serving its deterrent and rehabilitative purposes and continuation of it to full term will achieve its desired effects on the supervised individual and community. At least, something more than refraining from violations, even if not extraordinary or exceptional, should be required to warrant an exercise of discretion to terminate supervision early.

Considering the relevant factors, and the basis urged for early termination of supervision, the court finds that early termination is not warranted and is not in the interest of justice in this case. The court commends Tomayko's compliance with the conditions of his supervised release. Although laudable, his compliance is expected and indeed required on supervised release. Tomayko faces a minimal burden to complete the remaining term of supervised release to which he was sentenced. The court is not convinced to terminate his supervised release early, particularly when coordination with the probation officer may resolve Tomayko's concerns about travel.

III. CONCLUSION

Based upon the foregoing, the court will deny the motion for early termination of supervised release. Defendant's compliance is laudable, but is expected and indeed required on supervised release. Accordingly, the motion for early termination of supervised release (ECF No. 50) will be denied.

An appropriate order follows.


Dated: January 27, 2020					BY THE COURT:


						/s/ Joy Flowers Conti
						Joy Flowers Conti
						Senior United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| vs. | ) | Criminal No. 08-185 |
| | ) | |
| DAVID TOMAYKO, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

And now this 27th day of January, 2020, in accordance with the memorandum opinion, the motion for early termination of supervised release (ECF No. 50) is DENIED.

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Judge